**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MICHAEL KIM, an individual,

    Plaintiff,

v.                                                     Case No. 8:20-cv-2934-T-35CPT

THE TWELFTH JUDICIAL CIRCUIT COURT, HUNTER W. CARROLL, an individual, MICHAEL MORGAN, an individual, WESTWATER CONSTRUCTION INC., a Florida corporation, MARK S. MILLER, an individual, SHIRIN M. VESELY, an individual, SADDLE OAK ESTATES COMMUNITY ASSOCIATION, INC., a Florida corporation, PAVEL BALCAR, an individual, inclusive, STATE OF FLORIDA, ATTORNEY GENERAL, STATE OF FLORIDA, ASHLEY MOODY, an individual, SAMANTHA-JOSEPHINE BAKER, an individual, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, Tampa Division, UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, Tampa Division, UNITED STATES OF AMERICA, and MARY S. SCRIVEN, an individual, inclusive,

    Defendants.

_____

MICHAEL KIM, an individual,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, UNITED STATES OF AMERICA, MARY S. SCRIVEN, an individual, ASHLEY MOODY, an individual, SAMANTHA-JOSEPHINE BAKER, an individual, and HUNTER CARROLL, an individual,

    Defendants.

Case No. 8:20-cv-3041-T-36AAS

## **O R D E R**

These cases are before the Court on referral to the undersigned as Chief Judge from the assigned district judges who have recused themselves and request that the cases be reassigned to another judge. See Orders, Doc. 21 in Case No. 8:20-cv-2934 and Doc. 18 in Case No. 8:20-cv-3041. Both lawsuits are ad hominem attacks by pro se plaintiff Michael Kim against anyone and everyone associated with his underlying legal issues, including federal judges, a state court judge, the entire Twelfth Judicial Circuit, Florida's attorney general, the entire Middle District of Florida, the Bankruptcy Court, the United

States, and anyone else Kim deems to have played any role in his legal troubles. Because Kim's tactics involve suing any judge who rules against him,[1] the undersigned declines to ask yet another judge to become a target and likely new defendant in this frivolous and vexatious litigation and will instead assign both cases to himself. Kim's attempts to prolong litigation by suing every judge need not be tolerated. See, e.g., Gullett-El v. Corrigan et al., No. 3:17-cv-881-J-32JBT (M.D. Fla. August 1, 2017) (Doc. 6); Cuyler v. Presnell, No. 6:11-cv-623-Orl-22DAB (M.D. Fla. July 8, 2011) (Doc. 9 at 2 ¶ 2) ("The Court will not further enable the Plaintiffs in their abusive strategy of judge-shopping. Under these unique circumstances, the undersigned judge determines that her recusal is unwarranted.").

Further, having now reviewed these complaints, they are both due to be dismissed in their entirety. The named judges enjoy absolute judicial immunity for acts in their role as judges, see, e.g., McCree v. Griffin, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020), and the allegations against the other defendants, as pleaded, are frivolous. See, e.g., Mallard v.

---

[1] For example, on October 22, 2020 in Kim v. McEwen, et al., No. 8:20-cv-2225-T-02TGW, the Honorable William F. Jung dismissed a lawsuit filed by Kim against a bankruptcy judge and a state court judge on the basis of absolute judicial immunity. See Order, Doc. 48, in No. 8:20-cv-2225-T-03TGW. Kim then proceeded to sue Judge Jung, among others, in Kim v. United States, et al., No. 8:20-cv-2791-T-60AAS. The Honorable Thomas P. Barber dismissed the suit against Judge Jung (and the bankruptcy judge named again) based on judicial immunity. See Order, Doc. 3, in No. 8:20-cv-2791-T-60AAS.

U.S. Dist. Court, 490 U.S. 296, 307-08 (1989); Cuyler v. Aurora Loan Servs., LLC, No. 12-11824, et al., 2012 WL 10488184, at *2 (11th Cir. Dec. 3, 2012) (explaining that, notwithstanding the payment of any filing fee, "a district court has the inherent authority to dismiss a patently frivolous complaint"). [2] Moreover, although the Court would ordinarily allow a plaintiff (especially one proceeding pro se) at least one opportunity to amend a complaint in an attempt to state a claim, it need not do so where such attempt would be futile. See, e.g., McCree, 2020 WL 2632329, at *1. Such is the case here—the two complaints before the Court are consistent with Kim's history of vexatious and frivolous litigation and further judicial resources need not be diverted to Kim's attempt to abuse the judicial process.[3]

Accordingly, it is hereby

**ORDERED:**

1. The Clerk is directed to reassign both of these cases to the undersigned.

2. These cases are **DISMISSED with prejudice**.

---

[2] It may be that at one time Kim had a real complaint against some party, but these lawsuits, as constituted, are frivolous.

[3] As further evidence of Kim's abuse of process, Kim obtained the home address of one of the judges named in the complaint and had a process server serve the judge at home. This presents an obvious judicial security issue.

3. The Clerk shall terminate all pending motions and deadlines and shall close the files.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of January, 2021.



TIMOTHY J. CORRIGAN
Chief United States District Judge

tnm/s
Copies:

Honorable Mary S. Scriven
United States District Judge

Honorable Charlene Edwards Honeywell
United States District Judge

Counsel of record

Pro se Plaintiff